**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shana B. Goins,<br><br>    Plaintiff,<br><br>v.<br><br>Wells Fargo Bank LLC NA,<br><br>    Defendant. | No. CV-21-01219-PHX-DGC<br><br>**ORDER** |

  Defendant Wells Fargo Bank has moved to dismiss Plaintiff Shana Goins's second amended complaint and to strike her third amended complaint. Docs. 19, 25. Plaintiff has filed a response to the motion to dismiss. Doc. 23. Defendant's request for oral argument is denied because it will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f). For reasons stated below, the Court will grant the motions.

**I. Background.**

  Plaintiff worked for Defendant from 2010 until 2019. Proceeding pro se, she filed an amended complaint against Defendant in July 2021. Doc. 9. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant moved to dismiss the complaint for failure to state a claim for relief. Doc. 14. The Court granted the motion because the complaint failed to satisfy Rule 8's pleading requirements and did not state a plausible claim for relief. Doc. 15 at 2 (noting that "Plaintiff's 53-page amended complaint contains a rambling, unclear narrative that suggests a variety of wrongs by Defendant"); *see* Fed. R. Civ. P. 8(a)

("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); *Welch v. Minev*, No. 2:19-cv-01064-GMN-BNW, 2021 WL 5707729, at *3 (D. Nev. Nov. 30, 2021) ("Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'") (citation omitted); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (the short and plain statement "need not contain detailed factual allegations [but] must plead 'enough facts to state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court granted Plaintiff leave to file a second amended complaint. Doc. 15 at 2. The Court advised Plaintiff of Rule 8's pleading requirements, explaining that her allegations "must be set forth in separate and discrete numbered paragraphs" and "[e]ach paragraph 'must be simple, concise, and direct.'" *Id.* (quoting Fed. R. Civ. P. 8(d)(1)); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

The Court further explained:

> The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough facts to render the claim plausible. If Plaintiff chooses to file a second amended complaint asserting employment and civil rights claims, the complaint should include a clear statement of each employment or civil rights violation Plaintiff claims, how each violation occurred, how [D]efendant contributed to the violation, and what injury was caused by each alleged violation.

Doc. 15 at 3; *see also* Fed. R. Civ. P. 10(b) (to promote clarity, "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count"); *Nailing v. Eskander*, No. 2:20-CV-07559-AB-JC, 2021 WL 3930077, at *1 n.1 (C.D. Cal. Sept. 2, 2021) (discussing the requirements of Rules 8 and 10). The Court warned Plaintiff that "she will not likely be given a further opportunity to plead her claims . . . [i]f she fails to state a claim in her second amended complaint[.]" Doc. 15 at 3.

**II.     Defendant's Motion to Dismiss the Second Amended Complaint.**

Plaintiff filed her second amended complaint on September 21, 2021.  Doc. 16. Defendant argues that that the complaint should be dismissed because it asserts no short and plain statement of the claim, does not otherwise allege a plausible claim for relief, and fails to comply with the Court's orders.  Doc. 19 at 1.  Plaintiff filed a one-page response asserting, in conclusory fashion, that she has met Rule 8's pleading standard.  Doc. 23.  The Court agrees with Defendant that the complaint should be dismissed.

The second amended complaint contains a single, five-page paragraph that appears to recite various discrimination-related legal standards, but without describing the facts of this case or the claims asserted.  Doc. 16 at 1-5.  It also asserts violations of Plaintiff's fourth, fifth, sixth, and fourteenth amendment rights, and alleges that Defendant acts under color of law for purposes of 42 U.S.C. § 1983.  *Id.* at 7.  Plaintiff appears to suggest that Defendant is somehow associated with "communist-front organizations," but the allegation is not clear.  *Id.* at 3.  The new complaint makes reference to a possible firing of Plaintiff, but no clarifying facts are provided.  *Id.* at 7 (Defendant "is responsible for their employees actions who violated Wells Fargo policies and procedures, when they conspired and fire Ms. Ms goins is demanding 'Actual damages' for all her medical bills . . ." (sic)).  Plaintiff also makes unclear references to slander, disability, a live Facebook interrogation, and PTSD.  *Id.* at 7-8.  She seeks $350 million in damages.  *Id.* at 7.

Plaintiff has failed to cure the deficiencies the Court identified in her first amended complaint.  *See* Docs. 9, 15 at 2 (explaining that "[t]he amended complaint quotes the texts of various statutes at length, contains arguments about constitutional protections and rights, admits that it frequently digresses, and seeks $350,000,000 in damages").  Complaints filed by pro se plaintiffs are construed liberally, *see Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), but "[i]t is not the responsibility of the Court to review a rambling narrative in an attempt to determine the number and nature of a plaintiff's claims."  *Linder v. Drug Enf't Admin.*, No. CV-18-08030-PCT-DGC (DMF), 2018 WL 10732583, at *1 (D. Ariz. Sept. 18, 2018); *see McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) ("Prolix, confusing

complaints . . . impose unfair burdens on litigants and judges."); *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 386 (9th Cir. 2010) ("It behooves litigants . . . to resist the temptation to treat judges as if they were pigs sniffing for truffles.").

Because "the second amended complaint[] largely mirrors the narrative ramblings of the first amended complaint[,]" the Court will grant Defendant's motion to dismiss. *McHenry*, 84 F.3d at 1175; *see Hamilton v. Cty. of Madera*, No. 1:20-CV-00484-EPG, 2021 WL 5771669, at *5 (E.D. Cal. Dec. 6, 2021) ("[A] court may dismiss a complaint for failure to comply with Rule 8(a) if it is 'verbose, confusing and conclusory.'") (quoting *Nevijel v. N. Coast Life Ins.*, 651 F.2d 671, 674 (9th Cir. 1981)); *Ornelas v. Pikes Peak Reg'l Bldg. Dep't*, No. 21-CV-01029-RBJ, 2021 WL 5632497, at *3 (D. Colo. Dec. 1, 2021) (explaining that "no matter how liberally they are construed[,]" plaintiff's allegations are not a short and simple statement of a claim because "he strings together a series of incidents in which he feels he was mistreated [and] terms that describe various kinds of legal wrongs"); *McCullom v. Former Presidential Donald Trump's Admin.*, No. 21-05738 BLF (PR), 2021 WL 5564801, at *2 (N.D. Cal. Nov. 29, 2021) (dismissing a complaint that was "incoherent, disorganized, and fail[ed] to state any legally viable claim"); *Moultrie v. Renown Reg'l Med. Ctr.*, No. 3:21-cv-00264-MMD-CLB, 2021 WL 5510236, at *1 (D. Nev. Nov. 24, 2021) (dismissing a complaint that was written in "incoherent narrative form"); *Trammell v. Gore*, No. 3:18-cv-01168-GPC-KSC, 2018 WL 5295076, at *4 (S.D. Cal. Oct. 25, 2018) (dismissing claims that "amount only to 'unadorned, the defendants-unlawfully-harmed-me accusations,' which 'stop short of the line between possibility and plausibility of 'entitlement to relief') (citations and alterations omitted).

### III. Defendant's Motion to Strike the Third Amended Complaint.

On October 14, 2021, Plaintiff filed a third amended complaint that purports to assert an Americans with Disabilities Act claim against Defendant. Doc. 22. Defendant filed a motion to strike that complaint on October 21, arguing that Plaintiff impermissibly filed it without leave of Court. Doc. 25 (citing LRCiv 7.2(m)(1) (a court may strike a filing that "is prohibited (or not authorized) by a statute, rule, or court order")); *see DelVecchia*

*v. Frontier Airlines, Inc.*, No. 2:19-cv-01322-KJD-DJA, 2021 WL 1214778, at *2 (D. Nev. Mar. 30, 2021) (noting that "the Court has inherent authority to strike any improper filing and control its docket") (citing *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).  Plaintiff has filed no response to the motion to strike.

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers).  The Court advised Plaintiff early in this case that she needed "to familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's website at www.azd.uscourts.gov."  Doc. 5 at 1.

Local Rule 7.2 provides that a party's failure to respond to a motion "may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily."  LRCiv 7.2(i).  Because the motion to strike has been pending for nearly two months without a response from Plaintiff, the Court will deem Plaintiff's failure to respond as consent to the granting of the motion. *See Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) ("the district court has discretion to determine whether noncompliance should be deemed consent to the motion"); *United States v. Brown*, No. CV-18-04213-PHX-DLR, 2019 WL 5549174, at *3 (D. Ariz. Oct. 28, 2019) (granting motion to strike pleading pursuant to LRCiv 7.2(i)).

Defendant's argument is also well-taken.  Rule 15 provides that a "party may amend its pleading once as a matter of course[,]" but in all other cases, the "party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(1)-(2); *see Robinson v. Brooks*, No. 1:20CV47, 2021 WL 3887613, at *1

(M.D.N.C. Aug. 31, 2021) ("As concerns the filing of the proposed second amended complaint, Plaintiffs failed to seek the Court's leave, as required by [Rule] 15(a)(2).").

The Court previously noted that Plaintiff's first amended complaint was permissible under Rule 15(a)(1), but cautioned Plaintiff that, "[f]or any future amendment of the complaint, . . . Plaintiff must obtain the Court's permission by filing a motion to amend under Rule 15." Doc. 13 at 1-2. Plaintiff has filed no such motion.[1]

"Because Plaintiff filed the [third] amended complaint in violation of Rule 15(a)(2), the Court will grant Defendant's motion to strike." *Seldon v. Magedson*, No. CV-13-0072-PHX-DGC, 2013 WL 5301686, at *1 (D. Ariz. Sept. 19, 2013); *see Timmons v. Clark Cty. Det. Ctr.*, No. 2:16-cv-02229-JCM-NJK, 2019 WL 1284099, at *2 (D. Nev. Mar. 20, 2019) ("Timmons filed a third amended complaint . . . without first obtaining the court's leave. Therefore, the court will strike the third amended complaint because Timmons did not comply with Rule 15(a)(2)."); *Wine Educ. Council v. Ariz. Rangers*, No. CV-19-02235-PHX-MTL, 2020 WL 4814355, at *1 (D. Ariz. Aug. 19, 2020) (granting motion to strike amended complaint filed without leave of court); *Fernández v. Aranas*, 830 F. App'x 933 (9th Cir. 2020) ("The district court did not abuse its discretion by striking the amended complaint because Fernández did not obtain leave of the court.").

**IV.  Plaintiff's Motion to Deny Dismissal and Motion to Stay.**

The Court granted Defendant's motion to dismiss the first amended complaint on September 8, 2021. Docs. 14, 15. On September 21, Plaintiff filed a "motion to deny dismissal." Doc. 17. The motion will be denied as moot because the first amended complaint has been dismissed. *See* Doc. 21 at 1.

---

[1] Nor has Plaintiff addressed the relevant factors for leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (a court may deny leave to amend where there is undue delay or bad faith on the part of the amending party, undue prejudice to the opposing party, or futility of the proposed amendment). Plaintiff also failed to comply with Local Rule 15.1(a), which provides that a proposed amended pleading "must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added."

Plaintiff has filed a second motion to stay this case, asserting that she would be consulting with an attorney on October 14. Doc. 18. It does not appear that Plaintiff has been able to obtain counsel to represent her in this action. *See* Doc. 13 at 1 (denying the initial motion to stay and advising Plaintiff that if she "succeeds in retaining counsel, such counsel shall immediately file a notice of appearance"). The second motion to stay will be denied. *See* Doc. 20 at 2.

**IT IS ORDERED:**

1. Plaintiff's motion to deny dismissal (Doc. 17) is **denied**.

2. Plaintiff's motion to stay (Doc. 18) is **denied**.

3. Defendant's motion to dismiss the second amended complaint (Doc. 19) is **granted**. Plaintiff's second amended complaint (Doc. 16) is **dismissed**.

4. Defendant's motion to strike the third amended complaint (Doc. 25) is **granted**. The Clerk is directed to strike from the record the third amended complaint (Doc. 22).

5. The Clerk is directed to close this case.

Dated this 13th day of December, 2021.

David G. Campbell
Senior United States District Judge